UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| EDWARD HIRST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:18-cv-589-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| VERIZON WIRELESS SERVICES, | ) | **AND ORDER** |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*

This matter is before the Court upon the joint stipulation of dismissal with prejudice between the Plaintiff Edward Hirst and Defendant Trans Union, LLC. [DE 14]. These parties stipulate that all matters between them have been settled and that Hirst's claims against Trans Union should be dismissed with prejudice. [*Id.*]. The claims against other Defendants will remain. Here, because dismissal of a single party is appropriate under Federal Rule of Civil Procedure 21, the Court construes the joint stipulation of dismissal as a motion to dismiss under Rule 21. Accordingly, the parties' motion [DE 14] is **GRANTED** and the claims against Defendant Trans Union are **DISMISSED WITH PREJUDICE.**

### I. PROCEDURAL HISTORY

On October 25, 2018, Edward Hirst filed a verified complaint in the United States District Court for the Western District of

1

Kentucky alleging that the Defendants were negligent, had committed defamation, and had violated provisions of the Fair Credit Reporting Act ("FCRA"). [DE 1]. But the transactions and occurrences giving rise to the action occurred in Scott County, Kentucky, which is in the Eastern District of Kentucky, so the matter was transferred to this Court on October 26, 2018. [DE 4].

Subsequently, Trans Union answered on November 20, 2018. [DE 11]. Now, Hirst and Trans Union stipulate that all issues between them have been settled and ask the Court to dismiss the claims as to Trans Union with prejudice. [DE 14].

## II. Applicable Law and Analysis

The parties do not state under which rule of civil procedure they move for dismissal, nor do they provide any legal authority justifying dismissal. [*See* DE 14]. Normally, stipulations of dismissal are filed to dismiss an action under Federal Rule of Civil Procedure 41(a)(2). But, as this Court has explained, Rule 41(a) does not allow a court to dismiss some, but not all, of the defendants in a single case. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by

2

Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases).

But this does not end the analysis, because the Court construes filings "by their substantive content and not by their labels," and, as such, this Court will consider the current motion under Rule 21. *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011).

Rule 21 may be used for the dismissal of a single defendant. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). Thus, the Court construes the parties' joint stipulation of dismissal as a Motion to dismiss a single party under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer*, 328 F.3d at 267. Normally, under the rule, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2; *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant." *Wilkerson*, 2017 WL 401212, at *2. Courts determine whether the nonmoving party would suffer "plain legal prejudice" and consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). But here, the parties filed a joint stipulation of dismissal and, a result of the joint stipulation, there is technically no nonmoving party.

Still, even after considering the relevant factors, it is clear that neither party will suffer "plain legal prejudice" as a result of dismissal. First, since this litigation is in its infancy, the parties have likely spent little to no effort preparing for a trial. In fact, even though Trans Union has answered, there is no scheduling order in this matter, no trial

4

date has been set, and the formal discovery process has not begun. As such, the first factor weighs in favor of dismissal.

Second, there is no indication of a lack of due diligence on the Plaintiff's part. This action was filed on October 25, 2018. The Plaintiff has already settled this matter with Trans Union. As such, it appears that the Plaintiff is making a good faith effort to litigate the matter diligently and engage in settlement discussions with the Defendants. As a result, the second factor weighs in favor of dismissal.

Third, Hirst and Trans Union have notified the Court that they have reached a settlement of all claims. As such, there is a sufficient explanation for the dismissal and there have been no counterclaims or cross claims filed by or against Trans Union. As such, there is no need to require Trans Union to continue be a party to this action. The third factor weighs in favor of dismissal.

Fourth, and finally, there is no motion for summary judgment pending in this action, which also weighs in favor of dismissal.

Here, Hirst and Trans Union have reached a settlement of all disputes between them. Additionally, dismissal with prejudice will end this action once and for all for Trans Union and will prevent Trans Union from expending further time and resources defending this action. Furthermore, dismissal will allow Hirst to continue to engage in settlement negotiations with other

Defendants and work toward a resolution of this matter. Accordingly, **IT IS ORDERED** as follows:

(1) The Court construes the parties' Joint Stipulation of Dismissal with Prejudice [DE 14] as to Defendant Trans Union, LLC as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 21;

(2) The Motion to Dismiss Trans Union, LLC based on the Joint Stipulation of Dismissal [DE 14] is **GRANTED**;

(3) All claims against Defendant Trans Union, LLC are **DISMISSED WITH PREJUDICE**;

(4) This dismissal does not apply to the other Defendants in this matter; and

(5) Each party shall bear its own costs and attorneys' fees.

This the 14th day of January, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge