UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| EDWARD HIRST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:18-cv-589-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| VERIZON WIRELESS SERVICES, | ) | **AND ORDER** |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*

Plaintiff Edward Hirst has filed notice of voluntary dismissal in this matter, indicating that the claims against Defendant Equifax Information Services, LLC, are dismissed with prejudice. [DE 16]. The claims against other Defendants will remain. Here, because dismissal of a single party is not appropriate under Federal Rule of Civil Procedure 41, the Court construes the notice of dismissal as a motion to dismiss under Rule 21. Accordingly, Hirst's notice of dismissal [DE 16], which the Court construes as a motion to dismiss under Rule 21, is **GRANTED** and the claims against Defendant Equifax are **DISMISSED WITH PREJUDICE**.

**I. PROCEDURAL HISTORY**

On October 25, 2018, Edward Hirst filed a verified complaint in the United States District Court for the Western District of

1

Kentucky alleging that the Defendants were negligent, had committed defamation, and had violated provisions of the Fair Credit Reporting Act ("FCRA"). [DE 1]. But the transactions and occurrences giving rise to the action occurred in Scott County, Kentucky, which is in the Eastern District of Kentucky, so the matter was transferred to this Court on October 26, 2018. [DE 4].

Previously, Hirst and Trans Union stipulated that all issues between them had been settled and the Court dismissed the claims as to Trans Union with prejudice. [DE 14, Stipulation of Dismissal; DE 15, Memorandum Opinion and Order].

Now, Plaintiff Hirst has filed a notice of voluntary dismissal of the claim against Defendant Equifax. [DE 16]. Defendant Equifax has not appeared in this action or filed an answer to the complaint. This matter is ripe for review.

## II. Applicable Law and Analysis

Here, Equifax moves for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Rule 41(a)(1)(A)(i) states that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

But, as this Court explained in its previous memorandum order and opinion [DE 15], and again reiterates, Rule 41(a) does not allow a court to dismiss some, but not all, of the defendants in a single case. *See United States ex rel. Doe v. Preferred Care,*

*Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases).

But this does not end the analysis, because the Court construes filings "by their substantive content and not by their labels," and, as such, this Court will consider the voluntary notice of dismissal as a motion to dismiss a party under Rule 21. *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011). Rule 21 may be used for the dismissal of a single defendant. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16,

3

2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). Thus, the Court construes Hirst's notice of voluntary dismissal [DE 16] as a motion to dismiss a single party under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer*, 328 F.3d at 267. Normally, under the rule, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2; *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant." *Wilkerson*, 2017 WL 401212, at *2. Courts determine whether the nonmoving party would suffer "plain legal prejudice" and consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The Court considers the relevant factors below.

First, seeing as Defendant Equifax has not answered or otherwise appeared to defend in this civil action, it does not appear that Equifax has expended any effort or expense in preparation for trial.

Second, there is no indication of excessive delay or lack of due diligence on the part of the Plaintiff in prosecuting this case. The Plaintiff has already resolved this matter with one of the original Defendants, Trans Union, and now seeks to resolve the matter as to another Defendant, Equifax. This case was filed in November 2018 and Plaintiff appears to be working diligently to resolve this matter is an expeditious manner.

Third, the Plaintiff has not provided any justification for the need for dismissal. The lack of explanation weighs against dismissal of this action. Still, Defendant Equifax has not appeared in this action and appears to have expended no expense in litigating this action. Furthermore, dismissal with prejudice will ensure that this action may not be filed against Equifax in the future and will provide finality in this matter.

Fourth, there are no motions for summary judgment pending in this matter.

In sum, there is no indication that dismissal with prejudice will harm Equifax in any way or result in Equifax suffering plain legal prejudice. Here, three of the four relevant factors to be

considered before dismissal under Rule 21 weigh in favor of dismissal of this action. Accordingly, **IT IS ORDERED** as follows:

(1) The Court construes the Hirst's notice of voluntary dismissal [DE 16] as to Defendant Equifax Information Services, LLC, as a motion to dismiss pursuant to Federal Rule of Civil Procedure 21;

(2) The motion to dismiss Equifax Information Services, LLC, [DE 16] is **GRANTED**;

(3) All claims against Defendant Equifax Information Services, LLC, are **DISMISSED WITH PREJUDICE**;

(4) This dismissal does not apply to the other Defendants in this matter; and

(5) Each party shall bear its own costs and attorneys' fees.

This the 6th day of February, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge