UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

EDWARD HIRST,                          )
                                       )
        Plaintiff,                     )           Case No.
                                       )        5:18-cv-589-JMH
v.                                     )
                                       )      **MEMORANDUM OPINION**
VERIZON WIRELESS SERVICES,             )        **AND ORDER**
LLC, et al.,                           )
                                       )
        Defendants.                    )
                                       )
                                       )

***

On February 21, 2019, the Court ordered the Plaintiff Edward
Hirst to show cause why Defendant Verizon Wireless Services, LLC,
should not be dismissed for failure to effectuate service in
compliance with Federal Rule of Civil Procedure 4(m).  [DE 18].
Hirst, through counsel, filed a response and filed a notice of
voluntary dismissal as to Verizon only pursuant to Federal Rule
41(a)(1)(A).  [DE 19; DE 20].  But dismissal of a single party
under Rule 41(a) is improper.  Still, since Hirst has failed to
prove that Verizon was properly served within ninety days pursuant
to Federal Rule of Civil Procedure 4(m), the claims against Verizon
Wireless are **DISMISSED WITHOUT PREJUDICE.**

## I.  Procedural History

On October 25, 2018, Edward Hirst filed a verified complaint
in the United States District Court for the Western District of

Kentucky alleging that the Defendants were negligent, committed defamation, and violated provisions of the Fair Credit Reporting Act ("FCRA"). [DE 1]. But the transactions and occurrences giving rise to the action occurred in Scott County, Kentucky, which is in the Eastern District of Kentucky, so the matter was transferred to this Court on October 26, 2018. [DE 4].

On January 11, 2019, Hirst and Trans Union filed a joint stipulation of dismissal of all claims against Trans Union. [DE 14]. The Court noted that a dismissal of a single party under Rule 41(a) is improper but construed the joint stipulation as a motion to drop a party under Rule 21 and dismissed the claims against Trans Union with prejudice. [DE 15].

Then, on February 6, 2019, Hirst filed a notice of voluntary dismissal as to the claims against Defendant Equifax Information Services. [DE 16]. The Court again reminded Hirst that dismissal of a single party under Rule 41(a) is improper but construed the voluntary dismissal as a motion to drop a single party under Rule 21 and dismissed all claims against Defendant Equifax with prejudice. [DE 17].

Subsequently, the Court noted that it was unclear if Defendant Verizon Wireless had been properly served. As a result, the Court ordered Hirst to show cause why Verizon should not be dismissed for failure to effectuate service within the time frame outlined in Federal Rule of Civil Procedure 4(m). [DE 18].

Now, Hirst has responded to the order to show cause and filed another voluntary dismissal of a single party under Rule 41(a). [DE 19; DE 20]. At present, all Defendants, except for Verizon Wireless Services, LLC, have either answered or have been dropped from this action. This matter is ripe for review.

## II. Analysis

### A. Ineffective Dismissal of a Single Party Under Rule 41(a)

As the Court has stated twice already and again reminds the Plaintiff, Rule 41(a) does not allow dismissal of some, but not all, of the defendants in a case. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases).

Normally, the Court does not make much fuss about the technical meaning of the word "action" in Rule 41(a) and simply construes motions to dismiss less than an entire case under Rule 41(a) as motions to drop a party or claim under Rule 21. But here,

the Court has notified counsel for the Plaintiff on two separate occasions that voluntary dismissal of a single party is improper under Rule 41(a). Yet, counsel continues to file notices of dismissal under Rule 41(a) to drop a single party.

In this instance, the Court refuses to construe Hirst's notice of voluntary dismissal of Verizon as a motion to drop a party under Rule 21. As a result, Hirst's notice of voluntary dismissal [DE 19] is ineffective. In the future, motions to drop a single party or claim that do not resolve the entire action must be properly made under Rule 21.

## B. Dismissal for Failure to Demonstrate Proof of Proper Service

Still, after review of the record, there is no indication that Verizon has been properly served. There is no proof of service upon Verizon in the record and when given the opportunity to do so, Hirst failed to provide proof or good cause for failure to effectuate proper service on Verizon.

Generally, Courts will not entertain lawsuits unless the plaintiff makes each defendant a party by service of process. In fact, Federal Rule of Civil Procedure 4(m) states that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Here, more than ninety days have passed since the complaint was filed and Hirst has failed to provide proof that Verizon was properly served or good cause for failure to effectuate service. As a result, Rule 4(m) mandates dismissal of Verizon.

### III.  Conclusion

The Court will not construe Hirst's notice of voluntary dismissal as a motion to drop a party under Rule 21.  Still, Rule 4(m) mandates dismissal of Verizon because Hirst has failed to provide proof of proper service within ninety days after the complaint was filed.

Accordingly, **IT IS ORDERED** as follows:

(1)  Hirst's notice of voluntary dismissal as to Defendant Verizon Wireless Services, LLC, is ineffective because dismissal of a single party is not permitted by Rule 41(a) based on Sixth Circuit precedent; and

(2)  All claims against Defendant Verizon Wireless Services, LLC, are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

This the 8th day of March, 2019.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge